Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01C 0433 | **DATE** | February 4, 2002 |
| **CASE TITLE** | *Klco v. Elmhurst Dodge, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Jessie Klco's Motion to Amend to Add Autonation, Inc. as a Defendant [34-1] is DENIED. It is so ordered.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 06 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | 02 FEB -5 PM 1:26 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESSIE KLCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Blanche M. Manning |
| ) | |
| v. ) | 01 C 0433 |
| ) | |
| ELMHURST DODGE, ) | |
| ) | FEB 0 6 2002 |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Jesse Klco brought this action against Defendant Elmhurst Dodge, Inc, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., alleging that Elmhurst Dodge accessed Klco's credit report without his consent when he came into Elmhurst Dodge to look at automobiles. The present motion comes before this Court on Klco's motion to amend its complaint to add Autonation, Inc. as an additional Defendant, pursuant to Federal Rule of Civil Procedure 15(a). For the reasons that follow, the motion is DENIED.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires." A complaint serves to put defendants on notice, and therefore, should be "freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." Umar v. Johnson, 173 F.R.D. 494, 503 (N.D. Ill. 1997). An amendment may be denied, however, if there is "undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182

(1962). See also Villa v. City of Chicago, 924 F.2d 629, 632 (7th Cir. 1991). Here, pursuant to these standards, Elmhurst Dodge contends that the Court should deny the motion to amend because: (1) the amendment would be futile; and (2) Klco acted with undue delay in waiting to bring the motion until the close of discovery. The Court will address each of these contentions in turn.

I.     **Futility of Amendment**

In determining whether an amendment would be futile, the court should deny the motion if the amended complaint fails to state a claim upon which relief could be granted under the "same standard of legal sufficiency that applies under Rule 12(b)(6)." General Elect. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997). Here, "[a]ll [Klco] does it [sic] add Autonation, as an additional party – the basis of the complaint is the same." (Klco Mot. at 2). Klco, however, does not indicate how Autonation is liable under the FCRPA. In its original complaint, Klco alleges that an employee of Elmhurst Dodge violated the FCRPA by pulling his credit report without his consent. Autonation, however, is the parent company of Elmhurst Dodge, and as such not liable for the acts of an employee of its wholly-owned subsidiary unless Klco can piece the corporate veil. See Trans Union LLC v. Credit Research, Inc., No. 00-C-3885, 2001 WL 648953, at *8-9 (N.D. Ill. June 4, 2001) (dismissing claim against subsidiary where the parent company committed the alleged wrong doing); Fomusa v. Permuan Petroleum Co., No. 96-C050410, 1997 WL 791983, at *3-4 (N.D. Ill. Dec. 16, 1997) (dismissing claim against parent where the subsidiary company committed the alleged wrong doing).

Courts are generally very reluctant to pierce the corporate veil, and therefore, litigants seeking to pierce the veil face a "high burden." Trans Union LLC, 2001 WL 648953, at *8. See

2

also <u>Lumkin v. Envirodyne Indus., Inc.</u>, 933 F.2d 449, 462 (7th Cir. 1991). To pierce the corporate veil, the movant must show that the corporations are so interconnected in interest and ownership that the separate individual corporations no longer exist and that the recognition of the separate corporate entities would promote fraud or injustice. <u>Hystro Prod., Inc. V. MNO Corp.</u> 18 F.3d 1384, 1388-89 (7th Cir. 1994); <u>Fomusa</u>, 1997 WL 791983, at *3. To make a showing of "interconnectedness," the movant must show that the subsidiary: (1) was inadequately capitalized; (2) failed to maintain adequate corporate records or to comply with corporate formalities; (3) commingled funds or assets with the parent; and (4) was undercapitalized or that the parent treated the subsidiary's assets as its own. <u>Fomusa</u>, 1997 WL 791983, at *3.

Here, Klco, has completely failed to allege let alone present any evidence of the above factors to show that Autonation and Elmhurst Dodge are so interconnected in interest and ownership that the separate individual corporations no longer exist and that the recognition of the separate corporate entities would promote fraud or injustice. Instead, Klco has presented evidence which simply shows that Autonation sets some of the policies at its dealerships, presumably including Elmhurst Dodge. Klco further alleges that Elmhurst Dodge is a named insured under a policy funded by Autonation. Based on the above standards, this Court finds that Klco cannot pierce the corporate veil. Consequently, the requested amendment to add Klco would be futile because the amended complaint would not state a claim upon which relief could be granted against Autonation. Thus, this Court denies Klco's motion to amend.[1]

---

[1] Klco contends that if it is not able to add Autonation to this action that it will have to bring a separate action against Autonation. Therefore, Klco argues that judicial economy dictates that the Court grant its motion. Given that Klco cannot state a claim upon which relief could be granted against Autonation, this Court finds this argument completely lacking in merit.

3

## II. Undue Delay in Bringing Amendment

Additionally, courts may deny a motion to amend a complaint where the plaintiff has unduly delayed bringing the motion. Villa, 924 F.2d at 632. Courts are particularly inclined to deny motions to amend where the plaintiff has waited until after discovery has closed. See Sanders v. Venture Stores, Inc., 56 F.3d 771, 774-75 (7th Cir. 1995) (citing cases). The reasoning underlying the denial of motions to amend after discovery has ended and summary judgement is filed was expressed by the court in Johnson v. Methodist Medical Center of Illinois, 10 F.3d 1300, 1304 (7th Cir. 1993), which noted that there must be a point at which the plaintiff makes a commitment to its theory of the case.

Here, Klco filed his initial complaint on January 22, 2001 and is set for trial on March 11, 2002. The instant motion to amend, however, was not filed until January 16, 2002. Klco contends that it was not aware until recently that Autonation was a potential party to this action. Klco, however, failed to file any discovery in this action until ten months after this case was filed and did not notice any depositions until November 15, 2001. Thus, this Court finds that the delay in bringing the motion to amend was entirely due to Klco's tardiness, and therefore, the Court denies the motion based on undue delay.

4

## CONCLUSION

For the foregoing reasons, Jessie Klco's Motion to Amend to Add Autonation, Inc. as a Defendant [34-1] is DENIED.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 2-4-02